**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STACIE MUNOZ,**

**Plaintiff,**

**vs.**                                                      **Case No. 6:06-cv-1358-Orl-19KRS**

**ISLAND ONE RESORTS**
**MANAGEMENT CORPORATION,**

**Defendant.**
_____

**ORDER**

This case comes before the Court on the Motion to Dismiss filed by Defendant Island

One Resorts Management Corporation ("Island One") on December 4, 2006.  (Doc. No. 16).

**Background**

The following allegations are taken from Plaintiff's Complaint.  (Doc. No. 1, filed

on September 8, 2006).  Plaintiff Stacie Munoz is an adult female who is employed by Island

One in Orange County, Florida as a Sales Representative.  (*See id*. at ¶¶ 4, 9).  Beginning in

2004, Plaintiff alleges that she was subjected to unwelcome sexual harassment and sexual

advances from her supervisor, the Assistant Vice President of Sales.  (*See id*. at ¶ 11).

Plaintiff avers that she reported such conduct to several of Island One's employees, but

Island One failed to take any action to stop the continuing harassment.  (*See id.* at ¶¶ 12-13).

As a result, Plaintiff continued to be subjected to such harassment in 2005.  (*See id*. at ¶ 15).

In April of 2005, Plaintiff met with owners and managers of Island One and again

reported the alleged sexual harassment.  (*See id*.).  Plaintiff avers that as a result of her

-1-

complaints regarding her sexual harassment, Island One retaliated against her by reducing her hours, salary, bonuses, and benefits.  (*Id.*)

As a result of Defendant's conduct, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 29, 2005 and received her Notice of Suit Rights on June 9, 2006.  (*See id.* at ¶ 8).  Plaintiff's Complaint alleges hostile work environment claims under federal and Florida law (Counts I and II) and retaliation claims under federal and Florida law (Counts III and IV).

Island One's Motion to Dismiss argues that Plaintiff's federal claims in Counts I and III of the Complaint are time barred and that the Court should decline to exercise its supplemental jurisdiction under the remaining state law claims under comity and fairness grounds.  (*See* Doc. No. 16, pp. 2-4).  Although a copy of Defendant's motion was sent to Plaintiff's counsel on December 4, 2006,  Plaintiff has not filed a brief in opposition as required under Local Rule 3.01(b).  Failure to oppose a motion to dismiss raises an inference that there is no objection to such motion.  *See* Local Rule 3.01(b); *Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

### Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that can be drawn from such allegations.  *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Further, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits.  *Fed R. Civ. P.* 10(c);

*GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).


## Analysis

A civil action brought under Title VII of the federal antidiscrimination statutes must be filed in federal district court within ninety (90) days after the claimant's receipt of the right to sue letter from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1); *Williams v. Georgia Dept. of Defense Nat. Guard Headquarters*, 147 Fed. Appx. 134, 136 (11th Cir. 2005).  The limitations period commences upon the claimant's receipt of the right to sue letter.  *See Williams*, 147 Fed. Appx. at 136; *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991).

In the instant case, the allegations of the Complaint, coupled with Plaintiff's failure to respond to Defendant's Motion to Dismiss, demonstrate that the Complaint must be dismissed.  Plaintiff admits receiving her Notice of Suit Rights on June 9, 2006.  (*See* Doc. No. 1, ¶ 8).  Plaintiff's Complaint was filed on September 8, 2006, ninety-one (91) days after her receipt of the right to sue letter and outside of the ninety (90) day limitations period imposed by federal law.  Viewing the allegations of the Complaint in the light most favorable to the Plaintiff, her claim is time barred.

Dismissal of the Plaintiff's federal law claims removes any basis for federal jurisdiction in the instant case.  However, because the basis for federal jurisdiction is judged

-3-

at the time of removal, federal law places the decision to decline to exercise supplemental jurisdiction over the remaining state law claims when all federal claims have been dismissed within the discretion of the trial court . *See* 28 U.S.C. § 1367(c)(3); *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F. 3d 1287, 1290 (11th Cir. 2000).  In determining whether the Court should continue to exercise its supplemental jurisdiction over state law claims after all federal law claims have been dismissed, a court should take into account the concerns of comity, judicial economy, convenience, and fairness. *See, e.g., Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50 (1988); *Crosby v. Paulk*, 187 F.3d 1339, 1351 (11th Cir. 1999).

The Supreme Court of the United States has instructed that "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *See, e.g., Carnegie-Mellon*, 484 U.S. at 350; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (dismissal of state law claims strongly encouraged when federal law claims are dismissed prior to trial).  Furthermore, absent any indication of gamesmanship by the parties or prejudice to the plaintiff, Courts should not take lightly concerns of federalism and comity.  "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).

After considering the above factors, the Court finds the interests of fairness, judicial economy, comity, and convenience would best be served by following the Supreme Court's instructions and dismissing the instant case without prejudice.  The case at bar is at its

earliest stages, and only state law claims remain to be tried.  Thus, the Court will grant

Defendant's motion to dismiss.

<u>**Conclusion**</u>

Based on the foregoing, the Motion to Dismiss filed by Defendant Island One Resorts

Management Corporation ("Island One") on December 4, 2006,   (Doc. No. 16), is

**GRANTED**.  The instant case is hereby **DISMISSED without prejudice**.

Done in Orlando, Florida this 22nd day of January, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record